UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JEREMIAH COPENHAVER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| **CITIZENS ENERGY GROUP.,** | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jeremiah Copenhaver ("Copenhaver"), by counsel, against Defendant, Citizens Energy Group ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et. seq.*

**II. PARTIES**

2. Copenhaver is a resident of the State of Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C.§1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Copenhaver was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Copenhaver satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race. Copenhaver received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. Copenhaver, who is Caucasian, began working for the Defendant on or about August 15, 2019.

10. Most recently, Copenhaver served as a Distribution Dispatcher.

11. At all relevant times, Copenhaver met or exceeded the Defendant's legitimate performance expectations.

12. Nevertheless, Copenhaver was discharged on or about September 2, 2021. Defendant's stated reason is that he engaged in unprofessional behavior when he referred to another employee as "princess" over the phone – a joking epithet that he used on many of his coworkers.

13. Defendant's stated reason is pretext because the reason given is not the actual reason for terminating Copenhaver's employment and the reason given did not warrant termination from employment.

14. In response to Copenhaver's comment, Kipper Mimms, who is African-American, cursed and threatened Copenhaver with physical violence. No discipline was administered to Mimms for his unprofessional behavior.

15. Similarly situated individuals engaged in the same or similar behavior on a daily basis. There are frequent cursing and off-color comments made in the department daily. Such shop talk has occurred in this manner for decades.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

18. Copenhaver hereby incorporates paragraphs one (1) through fifteen (15) of his Complaint.

19. Defendant violated Copenhaver's rights and discriminated against him based on his race.

20. Defendant's actions were intentional, willful, and in reckless disregard of Copenhaver's rights as protected by Title VII of the Civil Rights Act of 1964.

21. Copenhaver has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jeremiah Copenhaver, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoins Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, punitive damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre-and post-judgement interest on all sums recoverable; and

7. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

*/s/ Ryan Sullivan*_____
Ryan Sullivan (Atty No. 34217-64)
BIESECKER DUTKANYCH & MACER, LLC

        144 North Delaware Street
Indianapolis, IN 46204
Telephone:  (317) 991-4765
Facsimile:  (812) 424-1005
Email:  rsullivan@bdlegal.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Jeremiah Copenhaver, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

*/s/ Ryan Sullivan*
Ryan Sullivan (Atty No. 34217-64)
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone:  (317) 991-4765
Facsimile:  (812) 424-1005
Email:  rsullivan@bdlegal.com
*Attorney for Plaintiff*